CITY OF PORT WASHINGTON v. THACHER.

(Circuit Court of Appeals, Seventh Circuit. July 27, 1917.)

No. 2438.

1. CONTRACTS ⊂⟩322(2)—PERFORMANCE—EVIDENCE.

In an action for damages for breach of contract providing for the laying of an intake pipe extending into Lake Michigan 2,800 feet, plaintiff contractor might, where the city claimed that by reason of defects in the pipe water close to the shore entered the pipe, show that the number of bac-

teria in a given quantity of water from the pipe corresponded with the number of bacteria found in that amount of water at a distance of 2,800 feet from the shore, having shown that a greater number of bacteria were found in water close to the shore.

2. EVIDENCE ☜553(2)—OPINION EVIDENCE—HYPOTHETICAL QUESTIONS.

In framing hypothetical questions to expert witnesses, a party may disregard his adversary's theory and apply only his own.

3. CONTRACTS ☜323(1)—PERFORMANCE—TEST.

Where a municipality engaged a contractor to construct an intake at a considerable distance in a lake for the purpose of obtaining water of unquestioned purity, the fact that some three years after construction, during which time the intake and pipes had been used continuously, leaks appeared in the pipe, does not warrant direction of verdict for defendant, on the ground that the contractor did not comply with the terms of the contract, even though the test prescribed was not followed, there being no agreement by the contractor to make the test, and so the question should be left to the jury.

4. CONTRACTS ☜323(2)—CONSTRUCTION FOR COURT—QUESTION.

The construction of the contract, where facts were not in dispute, was for the court.

5. CONTRACTS ☜280(1)—COMPLIANCE—WHAT CONSTITUTES.

Where a contract for the construction of an intake and laying of pipe in a lake, from which the municipality expected to derive a supply of pure water, provided that the pipe should for 800 feet from the shore be buried in the bed of the lake to a depth of 1 foot, the dredging of a trench 12 inches deep, in which the pipe was laid, so that it was even with the bed of the lake, does not show compliance with the contract, warranting recovery for that item.

In Error to the District Court of the United States for the Eastern District of Wisconsin.

Action by Addison Q. Thacher against the City of Port Washington. There was a judgment for plaintiff, and defendant brings error. Affirmed, on condition that plaintiff enter remittitur; otherwise, reversed and remanded.

Action at law to recover damages arising out of express contract. Verdict and judgment for the plaintiff.

Plaintiff in error, herein called the defendant, entered into a contract with defendant in error, herein called the plaintiff, for the laying of an intake extending into Lake Michigan 2,800 feet, for which the defendant was to pay $10,900, and an additional sum for digging an 800-foot trench as designated, at the rate of $1.37½ per foot. The city engaged a consulting engineer, and employed one Doyle, since deceased, as inspector. Work was begun in April and continued until the fore part of September, 1907. Upon complaint being made, plaintiff returned in October and repaired some defective pipes; the defects consisting of cracks or breaks in certain parts of the pipe. After October, 1907, defendant used the intake continuously, but complained of leaks, and that much sand appeared.

The city made numerous demands upon the plaintiff in 1908 and 1909 to complete the contract according to its terms. In 1900 the city engineer notified plaintiff that the work must be done before August, 1909, or the city would make the repairs itself. Plaintiff insisted that the work was a substantial compliance with the contract. On September 11, 1911, a formal resolution was passed by the defendant, declaring the plaintiff to have abandoned the contract and providing for completion of the work by the city. Shortly thereafter plaintiff appeared with divers to repair any defects, but the city ordered him away. Thereafter the city proceeded to repair the pipe, and found joints disconnected and numerous cracks in the pipe. Its bill for material and services rendered, etc., aggregated $3,873.59.

The specifications contained the following provision: "When the intake has been completely laid, but before the trench has been filled, the pipe shall be tested with compressed air at a pressure of 100 pounds per square inch; during the test all joints shall be examined by a diver, and all found to be leaking shall be repaired, and broken pipes shall be removed and replaced by perfect lengths." No air pressure test was made by the city in 1907, but a water pressure test was attempted, and breaks and cracks were discovered, which plaintiff claims were shortly thereafter remedied. An air pressure test was made by the plaintiff in October, 1907, but there is conflict of testimony as to the results.

The contract provided for extra pay for digging a trench as follows: "And in addition thereto, the sum of $1.37½ per foot for each foot of pipe buried to a depth of one foot beyond the 400 feet specified in said plans and specifications." And again it reads at another place: " * * * And in addition thereto to bury said intake to the depth of one foot for a distance of eight hundred feet." The specifications covering the same subject-matter provided: "Before any pipe is laid, a trench shall be dredged so as to give the pipe a cover of one foot where the water is ten feet deep," etc. A trench in which 800 feet of pipe was laid was dug; the top of the pipe being left level with the lake bottom.

Upon the trial, the court submitted to the jury the issues of substantial compliance and damages. Other statement of facts will appear in the opinion. Plaintiff in error contends the court erred in (a) admitting evidence; (b) in refusing to direct a verdict; and (c) in refusing to grant defendant's motion for judgment notwithstanding the verdict or for a new trial.

Joseph B. Doe, of Milwaukee, Wis., for plaintiff in error.
Albert K. Stebbins, of Milwaukee, Wis., for defendant in error.

Before KOHLSAAT, ALSCHULER, and EVANS, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above). [1] Error is assigned because the court received evidence over defendant's objection showing the number of bacteria found in the water at various places. In order to show the cracks in the pipe, if any, were insignificant or trivial, plaintiff made certain tests. He ascertained the number of bacteria in a given quantity of water 700 feet, 1,400 feet, 2,100 feet, and 2,800 feet from shore. Tests were also made to determine the number of bacteria in the same amount of water at certain places in the city. It appeared that the number of bacteria decreased, the further one went out into the lake. It also appeared that the number of bacteria found in the water in the city corresponded to the number of bacteria found in the same quantity of water 2,800 feet from shore. In support of this testimony it was claimed that, if the pipe was leaking badly, that fact would be disclosed by these experiments; for, if the water entered the pipe 700 feet from shore, it would have a great many more bacteria than if it entered the pipe through the intake 2,800 feet from shore. While not at all conclusive, we think the evidence was relevant and instructive, and bore upon the issue of substantial compliance.

[2] Error is also assigned because of the admission of evidence over defendant's objection, and given in response to hypothetical questions dealing with the length of time ordinarily or reasonably required to do certain work. This evidence bore upon the reasonableness of the amounts claimed by the city to have been necessarily expended in repairing the intake. No error was committed by the learned trial court

in permitting the plaintiff to submit hypothetical questions to his expert witnesses on his own theory. A party is not required, in framing hypothetical questions to adopt his adversary's version of the case. Jones on Evidence, 903.

[3] Error is assigned because the court erred in refusing to direct a verdict for defendant. In support of this motion defendant contended that plaintiff's completed work failed to meet the tests provided in the contract and was not a substantial compliance therewith. Plaintiff in error was seeking to secure a water supply of unquestionable purity, and it was entitled to an intake well-nigh perfect, and one which would meet any test that the parties saw fit to make. Appreciating this purpose, and the necessity of strict compliance with the terms of the contract, the court was justified in examining alleged imperfections with the closest scrutiny.

On the other hand, it must be borne in mind that the pipes were laid in water of considerable depth, and no test in the method designated was made by the city until some three years had elapsed from the date when the city took over the work. It should also be borne in mind that the city had an engineer to supervise the work and a man constantly on the job to see that it was properly done and in accordance with the specifications. While the contract called for the air test, it did not provide that the test should be made by the plaintiff. Defendant was never precluded from making the test called for by the contract. It used the intake continuously from October, 1907, and was at all times in position to determine whether the completed work answered the calls of the contract. A test or examination made some two or three years after the intake was completed, and when imperfections might be traced to causes other than those attributable to the plaintiff, was not conclusive. Upon all the evidence, we are of the opinion that the motion to direct a verdict in defendant's favor was properly denied.

[4, 5] Error is also assigned because the court refused to set aside the verdict and to grant a new trial, because the verdict was excessive. Many of the figures are not in dispute, and, accepting plaintiff's statement of the account, it is impossible to sustain the finding of the jury, except by allowing $1,100 for burying the 800 feet of pipe. In fact, plaintiff in his brief says:

"The jury unquestionably have allowed plaintiff $1,100 for burying the pipe. * * * It is evident, also, that the trial judge considered that it was an item concerning which the jury should find for the plaintiff."

The figures amply support this statement. The amount paid plaintiff while the work was in progress was $5,717.69. The city paid for repairs, etc., $3,873.59. The verdict of the jury was $3,482.31. These three items make a total of $13,073.59. Exclusive of the item of $1,100 for the 800 feet of trench, the amount due plaintiff was $10,900. This would indicate an overpayment on this basis of $2,173.59.

However, plaintiff contends that the item of $3,873.59 should be reduced, because the evidence warranted the jury in finding that a considerable portion of this item was unreasonable. But if we take from this aggregate of sums actually paid out by defendant such sums as the plaintiff contends should be deducted. we are still unable to account

for the difference of $2,173.59. Viewing the figures from every viewpoint, it is impossible to reach any other conclusion than that stated by counsel for plaintiff in his brief and set forth above. The jury allowed plaintiff $1.100 for burying the pipe. This item should never have been left to the jury to determine. The facts are not in dispute, and it was for the court to construe the contract. The trench in which the pipes were laid was 12 inches deep. The contract and specifications called for the pipe being covered one foot. It follows that the allowance of this item of $1,100 was error.

But plaintiff was entitled to recover, and was erroneously denied, interest on $2,382.31 from November 10, 1910, the date fixed in his bill, to the rendition of the judgment. The legal rate being 6 per cent. in Wisconsin, this interest was $771.38. The difference between the $1,-100 erroneously allowed by the jury and the interest item is $328.62.

It is therefore ordered that, if the defendant in error, within 20 days after this opinion is announced, file a remittitur for $328.62 in the office of the clerk of the District Court of the United States for the Eastern District of Wisconsin, and a certified copy thereof in the office of the clerk of this court, the judgment, less the amount so remitted, will be affirmed, with costs of this court to the plaintiff in error; but, if this is not done, judgment will be reversed. with costs to the plaintiff in error. and with directions to grant a new trial.

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes